# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

Timothy Thorne,           )
                          )
Plaintiff,                )  Case Number
                          )
vs.                       )  **COMPLAINT AND JURY BY TRIAL**
                          )  **DEMAND**
Collection Bureau of America, Ltd.,  )
                          )
Defendant.                )

## NATURE OF ACTION

1. Plaintiff Timothy Thorne ("Plaintiff") brings this action against Defendant Collection Bureau of America, Ltd. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION, VENUE, AND STANDING (FDCPA)

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de*

*facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "The Supreme Court has held time and again that the violation of a statutory right to receive information one is entitled to receive creates a concrete injury sufficient to confer standing on a plaintiff." *Zia v. CitiMortgage, Inc.*, No. 15-CV-23026, 2016 WL 5369316, at *6 (S.D. Fla. Sept. 26, 2016).

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

**THE FAIR DEBT COLLECTION PRACTICES ACT**

8. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively

disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

9. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute [and] proof of one violation is sufficient to support summary judgment for plaintiffs on their federal claim" *Hartman v. Meridian Fin. Servs., Inc.*, 191 F. Supp. 2d 1031, 1046 (W.D. Wis. 2002).

10. In order to offer the greatest protections to consumers, "the FDCPA is a strict liability statute – a collector 'need not be deliberate, reckless, or even negligent to trigger liability." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009); *see also Anderson v. Credit Bureau Collection Services, Inc.*, 422 Fed. Appx. 534, 539 (7th Cir. 2011) ("This means [Plaintiff] is entitled to sue to enforce [the FDCPA's] provisions, even the "highly technical" ones . . .").

11. "Because the FDCPA is designed to protect consumers, it is liberally construed in favor of consumers to effect its purpose." *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008).

12. "[C]laims against debt collectors under the FDCPA are to be viewed through the eyes of the 'unsophisticated consumer' . . . the standard is low, close to the bottom of the sophistication meter." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *see also Gammon v. GC Servs. Ltd. P'ship,* 27 F.3d 1254, 1257 (7th Cir. 1994) ("an unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness.").

13. "We reiterate that an unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness." *Id.*

14. Among the protections given to consumers by the FDCPA, the Act creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

15. Another key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

## PARTIES

16. Plaintiff is a natural person who at all relevant times resided in the State of Wisconsin, County of Washington, and City of Germantown.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

20. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

21. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely water delivery services for Plaintiff's personal residence (the "Debt").

22. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

23. In connection with the collection of the Debt, Defendant called and spoke with Plaintiff on July 11, 2016.

24. During the July 11, 2016 phone conversation, Plaintiff agreed to make a payment of $298.40 on July 22, 2016 that would be automatically taken from his account.

25. On July 12, 2016, Defendant sent Plaintiff a letter in connection with the collection of the Debt.

26. A true and accurate copy of the July 12, 2016 letter is attached to this complaint as Exhibit A.

27. Defendant's July 12, 2016 letter was Defendant's initial written communication with Plaintiff with respect to the Debt.

28. Defendant's July 12, 2016 letter does not list the current creditor of the Debt.

29. Instead, Defendant's July 12, 2016 letter states: "Original Creditor: DS SERVICES." Exhibit A.

30. Defendant's July 12, 2016 letter also states Plaintiff that "[y]our account has been assigned to Collection Bureau of America for collection." Exhibit A.

31. Defendant's July 12, 2016 letter fails to include information about who assigned the account to Defendant. Exhibit A.

32. Plaintiff would not know whether (1) DS Services is both the current and original creditor, (2) Defendant is the current creditor or (3) an unnamed third party debt collector is the current creditor of the Debt. Exhibit A.

33. Therefore, after reading Defendant's July 12, 2016 letter, the least sophisticated consumer would be unable to determine the identity of the current creditor of the Debt.

34. Defendant's July 12, 2016 letter contained a page which stated: "Thank you for your payment agreement made on July 11, 2016" and stated that Plaintiff had agreed to make a payment of $298.40 which would be charged on July 22, 2016. Exhibit A.

35. Defendant's July 12, 2016 letter explained that Plaintiff could cancel the scheduled payment, and stated:

> **The payments listed above will be processed** on the deposit date as a debit card. If you wish to terminate this recurring payment agreement you may send your request to Collection Bureau of America . . . All requests for termination must be received 2 business days prior to the processing of the payment.

Exhibit A (emphasis included).

36. The least sophisticated consumer could reasonably interpret this first paragraph to mean that the previously-agreed to payment would be processed unless Plaintiff requested that the payment be terminated. Exhibit A.

37. On the very next paragraph Defendant's July 12, 2016 letter also stated:

If you agree to these terms, please sign and return this entire form to Collection Bureau of America . . . A copy of this signed authorization will be returned to you for your records. Please be advised that **failure to return this signed agreement** prior to the deposit date of the first payment **will automatically terminate this agreement**.

Exhibit A (emphasis included).

38. The least sophisticated consumer could reasonably interpret this second paragraph to mean that the previously-agreed to payment will not be processed unless Plaintiff returns a signed agreement consenting to the withdrawal of the payment.

39. These two paragraphs lead to two opposite conclusions.

40. Upon reading this letter, the least sophisticated consumer could reasonably interpret that the July 12, 2016 letter requires a request for termination to cancel the payment or that Plaintiff did not have to take action to cancel the payment, one of which is necessarily false.

41. Conversely, the least sophisticated consumer could reasonably interpret that a payment would only be made if Plaintiff returned the signed agreement, or that the payment would be made on the Debt if Plaintiff failed to take any action, one of which is necessarily false.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

42. Plaintiff repeats and re-alleges each and every factual allegation above.

43. "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Federal Home Loan*

*Mortgage Corp. v. Lamar*, 503 F.3d 504, 512 (6th Cir. 2007) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).

44. The least sophisticated consumer, upon reading Defendant's July 12, 2016 letter could reasonably conclude that Defendant either would or would not process his payment, one of which must be false.

45. Therefore, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt, including by making deceptive statements regarding whether or not Plaintiff's account would, in fact, be charged on July 22, 2016.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. §§ 1692e, 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

46. Plaintiff repeats and re-alleges each and every factual allegation above.

47. "To satisfy § 1692g(a), the debt collector's notice must state the required information 'clearly enough that the recipient is likely to understand it.'" *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) *(*quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)*; see also Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir. 1997) (debt collector may not defeat the Act's purpose by "making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude.").

48. "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

49. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the current creditor, including by only stating the name of the original creditor and not clarifying the identity of the "creditor to whom the debt is owed." *See* 15 U.S.C. § 1692g(a)(2).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other relief as the Court may deem just and proper.

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 20, 2017

/s/Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
Email: rthompson@consumerlawinfo.com
Attorney for Plaintiff